IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-43471-TJM |
| | ) | |
| GEOFFREY C. BASLER and | ) | CH. 7 |
| REBECCA J. BASLER, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on October 19, 2011, regarding Fil. #262, Motion to Approve Compromise Under Rule 9019, filed by Thomas D. Stalnaker, Trustee, and Fil. #265, Objection, filed by Richard D. Myers and David Ellingson. Albert Kerkhove and David Domina appeared for the debtors, Thomas Stalnaker appeared as Chapter 7 trustee, Jerry Jensen appeared for the U.S. Trustee; Richard Garden appeared for Midwest Bank; and Victor Covalt appeared for David Ellingson and for Richard Myers, Trustee of the David and Emilie Ellingson Chapter 7 bankruptcy estate.

BACKGROUND

This matter is before the court on a motion filed by the Chapter 7 trustee for an order approving a settlement agreement entered into among the debtors, the United States Trustee for Region 13, and the Chapter 7 trustee. It has drawn one objection.

Debtor Geoffrey C. Basler is a medical doctor licensed in the state of Nebraska to practice a dermatology specialty. His wife and co-debtor, who is not licensed to practice medicine, works in the office of the professional corporation which employs Dr. Basler. Dr. Basler is the sole shareholder. The assets of the bankruptcy estate include debtor Geoffrey C. Basler's one-hundred percent interest in the shares of Geoffrey C. Basler, M.D., P.C.

This Chapter 7 case was filed on November 18, 2010. Because Dr. Basler's medical practice provides him with significant disposable income, a secured creditor, Nebraska Bank of Commerce, filed a motion to dismiss pursuant to 11 U.S.C. § 707 alleging that the debtors were abusing the provisions of Chapter 7. That motion was joined in by two other secured creditors, Security First Bank and Hastings State Bank. The Chapter 7 trustee resisted the motion because he had collected, at the time of his resistance, more than $100,000 which could be distributed to the creditors, including the unsecured creditors. The Baslers also resisted.

The court overruled the motion to dismiss because a majority of Dr. Basler's debts are commercial obligations and 11 U.S.C. § 707(b)(1) provides that the court may dismiss a case of an individual debtor whose debts are primarily consumer debts, if the granting of relief would be an abuse of the provisions of the chapter. Since the Baslers' debts are not primarily consumer debts, that dismissal provision was not applicable.

Thereafter, on April 26, 2011, the United States Trustee filed a motion to convert the Chapter 7 case to Chapter 11 pursuant to 11 U.S.C. § 706(b). That motion was joined by creditors Nebraska Bank of Commerce, First National Bank of Omaha, and Security First Bank. The motion

was resisted by the debtors.

In June, the debtors filed a motion for authority to increase compensation, which was objected to by the United States Trustee, First National Bank of Omaha, Pinnacle Bank, and Nebraska Bank of Commerce.

In August 2011, the debtors filed a motion for an order granting authority to expend funds from the professional corporation to pay personal income taxes. The United States Trustee objected.

The settlement agreement resolves all the pending motions and provides for the sale of the bankruptcy estate's interest in the professional corporation to Dr. Basler.

The Baslers are subject to tax claims of the federal government and the state government, which, for the most part, are non-dischargeable, in an amount exceeding $3,000,000. They have been involved in negotiations with the Internal Revenue Service in an attempt to reduce the claims, but, so far, the negotiations have not been completed.

The agreement provides that the debtors' case should proceed in Chapter 7, and they should be granted a discharge that is subject to revocation if they fail to perform pursuant to the terms and provisions of the settlement agreement. It permits the debtors to use post-petition earnings, represented by funds held in the professional corporation, to pay for professional services rendered by the attorneys and the certified public accountant.

Until all pre-petition priority taxes owed by the debtors are paid in full, the agreement provides a limitation on the annual compensation for Dr. Basler and Mrs. Basler and the compensation set by the agreement may not be increased during the term of the settlement agreement unless approved by the court after notice and hearing. The taxes must be paid by the Baslers from the income earned from the professional corporation or any other entity utilized for the practice of medicine by Dr. Basler during the term of the agreement.

The agreement further provides that the trustee shall sell the estate's interest in Geoffrey C. Basler, M.D., P.C., including all shares of common stock in it, and all debtor equity interests held by the trustee in it, to Geoffrey C. Basler, M.D. It shall include all assets and the professional corporation's stock, without exception, including all income from all sources. It provides a formula, which, if the professional corporation's net operating income is sufficient to pay the taxes and business expenses of the corporation, may provide for payment of up to $125,000 a year to the trustee with a maximum payment over a five-year term of $500,000.

The agreement has a number of reporting requirements so that all parties can be satisfied that Dr. Basler is making his best effort to not only pay the taxes, but to provide himself and the estate the opportunity to receive annual revenue in addition to his agreed-upon salary.

The settlement agreement was objected to by David Ellingson, individually, and Richard Myers, trustee for Mr. Ellingson's bankruptcy estate. Together, they apparently hold unsecured claims against the Basler estate. These objectors assert that the settlement agreement is not in the best interest of the Basler estate because the tax issues have not been resolved, including the failure to resolve the tax consequences of the sale of stock to Dr. Basler. The objectors further

assert that the professional corporation may have value grossly in excess of the amounts being paid.

## APPLICABLE LAW

The standard for evaluation of a settlement is whether the settlement is fair and equitable and in the best interests of the bankruptcy estate. Tri-State Fin'l, LLC v. Lovald, 525 F.3d 649, 654 (8th Cir. 2008); Overton's, Inc. v. Interstate Fire & Cas. Ins. Co. (In re SportStuff, Inc.), 430 B.R. 170, 172 (B.A.P. 8th Cir. 2010). Compromise is an art, not a science. Nangle v. Surratt-States (In re Nangle), 288 B.R. 213, 220 (B.A.P. 8th Cir. 2003). There is no "best compromise," only a range of reasonable compromises, and as long as the compromise before the court falls within that range, it may be approved. Velde v. First Int'l Bank & Trust (In re Y-Knot Constr., Inc.), 369 B.R. 405, 408 (B.A.P. 8th Cir. 2007). In determining whether a settlement is fair, reasonable, and adequate, the court must consider all factors bearing on the fairness of the settlement, including the probability of success in the litigation; the difficulties, if any, to be encountered in collection; the complexity of the litigation involved and the expense, inconvenience, and delay associated with it; and the paramount interest of the creditors and a proper deference to their reasonable views. Tri-State Fin'l, supra; Drexel Burnham Lambert, Inc., v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.), 730 F.2d 1128, 1135 (8th Cir. 1984) (quoting Drexel v. Loomis, 35 F.2d 800, 806 (8th Cir. 1929)).

## DISCUSSION

The first issue, the complexity of the litigation involved and the expense, inconvenience and delay associated with it, deals mainly with the United States Trustee's motion to convert the case to Chapter 11. The debtors have resisted that motion on the basis that if it were to be approved, the debtors would basically be involved in involuntary servitude. They would be required, or some creditor would be permitted, to present a plan which would provide for them to work for the benefit of the creditors with the likelihood that the shares of stock in the professional corporation would be sold to another medical professional. Dr. Basler is not interested in working for another medical professional and, as much as he would like to pay his creditors, he believes that the settlement agreement gives him a legitimate basis for working in the interest of himself and his secured and unsecured creditors. He has, in his resistance, asserted that § 706(b) of the Bankruptcy Code, which permits the court to convert a case under Chapter 7 to a case under Chapter 11, is unconstitutional as it applies to an individual debtor. That issue has been brought to the notice of the Attorney General of the United States and the litigation concerning it will be complex, long and drawn out and, no matter which parties win at the bankruptcy court level, likely appealed more than once.

In addition, the debtors' pending motions concerning the use of post-petition earnings from the professional corporation to pay taxes and increase compensation will also be complicated and, because of the amount of money involved, will be subject to appeals.

It is not clear at this stage of the litigation that the trustee would be successful on the motion to convert to Chapter 11, at the bankruptcy level or at the appellate levels. If the end result was a conversion to Chapter 11, with the possibility of no post-petition funds being used to pay the individual tax liabilities of the Baslers, there is no incentive for Dr. Basler to use his medical skills to maximize revenue and, therefore, the issue of the difficulty of collection of payments owed

to creditors per the terms of a plan would always be there.

Concerning the paramount interest of creditors and proper deference to their reasonable views, it is apparent that the major creditors in this case, including all of the banks and the taxing authorities and all of the unsecured creditors except for the objectors, either approve of the proposed settlement or assume that it is the best deal they can get, making it not worthwhile to object. The estate does consist of assets other than the stock in the professional corporation, including interest in an unfinished real estate development in the state of Montana, subject to liens held by the bank creditors and others. Those real estate interests apparently will eventually be disposed of, perhaps leaving the secured creditors with significant unsecured claims. They have not objected to this settlement agreement.

The objectors raise tax issues. The first part of the objection dealt with a short-year election made by the Baslers at the time of the filing of the bankruptcy. The objectors suggested that no settlement should be approved until the impact on the estate from that as well as the consequences to the estate with regard to taxes from the sale of the stock can be determined. Both the Baslers and the trustee have had the tax transactions reviewed by certified public accountants and those accountants are satisfied that there is no adverse impact on the estate from either the short-year election or the sale of the stock.

The objectors also included an assertion that the professional corporation is probably worth a lot more than the price the trustee is hoping to receive from the sale. Other than furniture and medical equipment, the value of a medical professional corporation is determined by the amount of revenue, on a net basis, that the professionals operating it can produce. Without Dr. Basler, the professional corporation can produce zero revenue. He is not inclined to work for any other medical professional that could purchase the shares of stock.

After a thorough review of the settlement agreement, the evidence and argument presented at the hearing on the motion and objection, and a thorough consideration of the standards for evaluation of whether a settlement is fair and equitable and in the best interest of the bankruptcy estate, I find that the objection is not well taken, that the settlement is fair and equitable, and in the best interest of the bankruptcy estate and is therefore approved.

IT IS ORDERED that the Motion to Approve Compromise Under Rule 9019, Fil. #262, is granted.

DATED:    November 2, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Albert Kerkhove         Jerry Jensen
   *David Domina           Richard Garden
   Thomas Stalnaker      Victor Covalt

Movant (*) is responsible for giving notice to other parties if required by rule or statute.